**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

In re:

**PRAMEWATTEE JAIRAM**

                                          Debtor,

-------------------------------------------------------------------X

**HEARING DATE:  May 1, 2018**

**HEARING TIME: 11:30 a.m.**

**Chapter 7**
**Case No: 17-46546-nhl**

## NOTICE OF MOTION FOR INNOCENT SPOUSE RELIEF FROM TAX CREDITORS AND AFFIRMATION IN SUPPORT OF MOTION

      **PLEASE TAKE NOTICE** that upon the annexed Affirmation of Support for Innocent Spouse Relief from Tax Creditors, Peter White, Esq. of Brian McCaffrey, Attorney at Law, P.C., attorney for the Debtor Pramewattee Jairam for an order pursuant to 26 USC §6015(b) and 11 U.S.C. §505(a)(1) to request that this Court enter an order granting the Debtor innocent spouse relief from the tax debt accrued pursuant to the fraudulent actions of the Debtor's ex-husband held by the Internal Revenue Service and New York State ("Respondents"), on the **1st day of May 2018, at 11:30 a.m.** located at 271-C Cadman Plaza E #1595, Brooklyn, NY 11201, or as soon thereafter as counsel may be heard.

      **PLEASE TAKE FURTHER NOTICE**, that answering papers, if any, must comply with the Federal Rules of Bankruptcy Procedure, shall be filed with the Court and served upon and received by Brian McCaffrey Attorney at Law, P.C., attorney for Debtors, at their offices located at 88-18 Sutphin Boulevard, 1st Floor Jamaica, NY 11435, so that they are received no later than seven (7) days before the hearing on the Motion.

**PLEASE TAKE FURTHER NOTICE**, that the hearing may be adjourned from time to time without further notice other than the announcement of such adjournments in open court.

Dated: March 13, 2018
       Jamaica, NY

                                      /s/ Peter White
                                      Brian McCaffrey, Attorney at Law, P.C.
                                      88-18 Sutphin Blvd., 1st Floor
                                      Jamaica, NY 11435
                                      Ph. (718) 480-8280
                                      Fax (781) 480-8279

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**
**-------------------------------------------------------------------X**

In re:

**PRAMEWATTEE JAIRAM**

> **HEARING DATE:  May 1, 2018**
>
> **HEARING TIME: 11:30 a.m.**

                                     **Chapter 7
Case No: 17-46546-**

                               Debtor,

**--------------------------------------------------------------------X**

### AFFIRMATION IN SUPPORT OF MOTION FOR RELIEF FROM TAX DEBT PURSUANT TO 26 U.S.C. 6015(b)

Peter White, Esq., an attorney duly admitted to practice law before the Courts of the State of New York, affirms the following under penalty of perjury:

1. I am the attorney for the Chapter 13 debtor, and as such I am fully familiar with the facts and circumstances surrounding the within matter.

2. The affirmation is in support of the debtor's motion for relief from tax debt pursuant to 26 USC §6015(b) and 11 U.S.C. §505(a)(1). The Debtor requests that the Court enter an order avoiding the tax claims of the Internal Revenue Service (hereinafter the "IRS") and the New York State Department of Taxation & Finance (hereinafter "State of New York") as to the debtor Pramewattee Jairam.

3. This Court has jurisdiction in this matter pursuant to 11 U.S.C. §505(a)(1). This matter is a core proceeding as 28 U.S.C. § 157(b)(2)(I).

4. The Debtor ended up in bankruptcy because her deceased ex-husband defrauded her at every turn throughout the course of their marriage. The Debtor's ex-husband obtained a divorce from the Debtor on 1/28/2002; however, he continued to control every part of the

Debtor's life with an iron fist until his death in 2015. The Debtor's ex-husband used both psychological and physical intimidation to get the Debtor to bend to his financial will. *See Debtor's Affidavit. Debtor will produce photos of abuse on the date of the hearing*.

**EXHIBIT A—2013 ORDER OF PROTECTION**.

5. The Debtor's ex-husband incorporated a business known as Ave Restoration Services, Inc. on December 18, 2002 and made the Debtor the President and obligor for this business. The Debtor's ex-husband operated the business in an exclusive manner and refused to allow the Debtor access to the business documents and information. The Debtor did not obtain these documents from her ex-husband's office until his death.

**EXHIBIT B—2013 CERTIFICATE OF NO CHANGED SIGNED WITH THE FORGED SIGNATURE OF THE DEBTOR**.

6. The Debtor's ex-husband purchased three homes in Florida in 2004, 2005, and 2007. He put the home mortgages in the Debtor's name. All the three properties entered foreclosure when the Debtor's ex-husband died, and a foreclosure sale has occurred on one of the homes. *See the Debtor's Voluntary Petition*.

7. The Debtor listed on her Voluntary Petition that ACS owes back taxes to the IRS in an unknown amount under Account Numbers 173729515, 1000261667, and 02-0666681. She also listed that ACS owes money to the New York State Department of Taxation and Finance and the New York State Department of Labor.

8. Neither the IRS nor the State of New York have filed Proofs of Claim for any amounts which the Debtor is personally responsible for in this case.

9. The Debtor is entitled to debt relief pursuant to 26 USC §6015(b) and 11 U.S.C. §505(a)(1).

10. 26 USC §6015(b)(1)9D) of the United States Tax Code grants relief to an individual if, "taking into account all the facts and circumstances, it is inequitable to hold the other individual liable for the deficiency in tax for such taxable year attributable to such understatement." The facts lay out that the Debtor was not able to properly make her own financial choices after she and her ex-husband divorced. He manipulated her from a psychological perspective and used physical force to gain control over her.

11. 28 USC §157(b)(2)(I) lays out that a proceeding to determine "the dischargeability of particular debts" constitutes core proceedings for the Bankruptcy Court.

12. 11 USC §505 expounds on that section:

    Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated or administrative tribunal of competent jurisdiction.

13. *Pendergraft v. United States Department of the Treasury IRS (In re Pendergraft),* 2017 B.R. LEXIS 771 (B.A.P. 5th Cir. 2017) provides the seminal case by which the Bankruptcy Court affirmed its power over tax liabilities and penalties pursuant to 11 USC §505. The Court stated that the statutory language of 11 USC §505 "provides a bankruptcy court with the power to determine the legality of taxes and penalties." *Id* at *10. The Court noted that a determination of tax liability pursuant to Section 6015 of the Tax Code and Section 505 of the Bankruptcy Code is proper because Section 505 grants a bankruptcy court "broad jurisdiction to determine the legality of any tax liability of the debtor limited only by the Section's express limitations and the bankruptcy court's discretion to abstain."*Id* at *12.

14. The Second Circuit has held in a similar vein. *See D'Alessio v. IRS (In re D'Alessio)*, 181 B.R. 756 (B.A.P. 2ND Cir. 1995). The IRS in *D'Alessio* failed to "challenge the fact that

Section 505 of the Bankruptcy Code gives [the Court] the discretionary authority to fix and determine the legality of a tax, fine or penalty, or addition to a tax owed by the debtor" when arguing for its Motion for Summary Judgment. *Id* at *759.

**FRAUD**

15. Moreover, the facts demonstrate that the deceased ex-husband of the Debtor committed fraud using the Debtor's name for many years. He coerced the Debtor with violence or threats of violence into signing documents which she barely had a chance to view. He opened a business in her name without her consent. He purchased property in her name for his own pecuniary gain.

16. The Second Circuit has held that, "[a]bsent a very specific showing, the actions or intent of a co-debtor spouse will not be imputed to the debtor or "innocent" debtor spouse for purposes of non-dischargeability of a specific debt." *Scheidelman v. Henderson (In re Henderson)*, 423 B.R. 598, 615 (B.A.P. 2nd Cir. 2010); *see also In re Antonious*, 358 B.R. 172 (B.A.P. 3rd Cir. 2006)(stating that, "[a]s a general rule, fraudulent practices of one spouse are not automatically imputed to the other spouse for the purpose of nondischargeability under 11 U.S.C. §523(a)(2)(A)"). [1] The "innocent" would "be liable for the fraud or misrepresentation of the other spouse if the spouse knowingly aided and abetted in the fraud or misrepresentation." *Id*.

17. The facts demonstrate in a clear manner that the Debtor did not help her ex-husband defraud the Internal Revenue Service or the State of New York. They were never partners

---

[1] 11 USC §523(a)(2)(A) maintains that, "[a] discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt…for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by…false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition…"

nor did they ever work together to build Ace Restoration, Inc. *See Strang v. Bradner*, 114 U.S. 555 (1885)(The Supreme Court imputed fraud committed by one partner to another).

18. The Ninth Circuit in *Tsurukawa v. Nikon Precision, Inc.*, 258 B.R. 192 (B.A.P. 9th Cir. 2001) gave an example of when the wrong conduct of one spouse became attributable to that of the other:

> The relevant and material facts in this case are undisputed. Annotation starts hereThe question that must be answered is whether the wrongful conduct of one spouse can be attributed to the other spouse for purposes of nondischargeability of debt under § 523(a). The answer to this question is not clear in the Ninth Circuit. The bankruptcy court held that the Stipulated Judgment was nondischargeable because it found that (1) Debtor participated significantly in the operations of High Innovation, (2) Takehiko's wrongful conduct occurred in the ordinary course of High Innovation's business, (3) Debtor had reason to suspect that Takehiko was engaged in wrongful conduct against Nikon, (4) Debtor enjoyed benefits from Takehiko's wrongful conduct, and Annotation starts here(5) Debtor had no highly unusual pressures that excused her conduct under the circumstances…On appeal, Debtor contends that the bankruptcy court erred in holding the Stipulated Judgment nondischargeable against her without a factual finding that she knowingly participated in Takehiko's wrongful conduct. We agree.

*Id* at *196.

19. The facts here do not align with those in that case. The Debtor here did not participate as a *de facto* principle of Ace Restoration. She did not engage in any wrongful conduct. The Debtor did not enjoy any of the benefits of the business—because she did not know if the business was making money. Her ex-husband abused her for fourteen years after they divorced, which resulted in the Debtor signing business documents which she did not read or understand. Justice requires that the Court deem the Debtor an innocent spouse.

## **CONCLUSION**

20. The Court should determine that the tax claims of both the IRS and the State of New York are hereby void as against Pramewattee Jairam because the Debtor is an innocent spouse. She had no knowledge of that her ex-husband had failed to pay taxes for Ace Restoration, Inc. from the time which he incorporated the business in her name. In addition, the IRS and the State of New York have failed to file a Proof of Claim as to the

alleged amount which the Debtor owes in this case. The Eastern District of New York has the authority to void such liens with respect to the debtor in this situation. The facts remain favorable to the Debtor because of the actions of her ex-husband and because the Debtor failed to know of the ex-husband's actions before his death.

Dated: March 13, 2018
      Jamaica, NY

                                      /s/ Peter White
                                      Brian McCaffrey, Attorney at Law, P.C.
                                      88-18 Sutphin Blvd., 1st Floor
                                      Jamaica, NY 11435
                                      Ph. (718) 480-8280
                                      Fax (781) 480-8279